# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Decided March 18, 2011

No. 10-5136

LINDA YAMAN, ON BEHALF OF HERSELF
AND MINORS KY AND EY, ET AL.,
APPELLANT

v.

UNITED STATES DEPARTMENT OF STATE, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-00537)

*Lisa Kirby Haines*, *Susan Baker Manning*, and *Beth I.Z. Boland* were on the briefs for appellant.

*Ronald C. Machen Jr.*, United States Attorney, *R. Craig Lawrence* and *Jane M. Lyons*, Assistant United States Attorneys, were on the brief for appellees.

Before: SENTELLE, *Chief Judge*, GARLAND, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the court filed PER CURIAM.

PER CURIAM: In May 2009, Appellant Linda Yaman ("Ms. Yaman") requested United States passports from the State Department for her two young children at a U.S. Consulate abroad. Ms. Yaman's ex-husband, a Turkish national, apparently had refused to relinquish physical possession of the passports that the State Department had previously issued for the children. The State Department initially denied Ms. Yaman's application on the ground that passports generally will not be issued to minors without the consent of both parents. Ms. Yaman then filed a timely request for administrative review to contest the denial of her request for passports for her children.

As required by State Department regulations, Ms. Yaman was afforded an adjudicatory hearing before a designated Hearing Officer. The applicable agency regulations governing passport denial hearings provide:

> (a) The Department will name a hearing officer, who will make findings of fact and submit recommendations based on the record of the hearing as defined in [22 C.F.R.] § 51.72 to the Deputy Assistant Secretary for Passport Services in the Bureau of Consular Affairs.

> (b) The person requesting the hearing may appear in person, or with or by his designated attorney. The attorney must be admitted to practice in any state of the United States, the District of Columbia, any territory or possession of the United States, or be admitted to practice before the courts of the country in which the hearing is to be held.

> (c) The person requesting the hearing may testify, offer evidence in his or her own behalf, present witnesses, and make arguments at the hearing. The person requesting the hearing is responsible for all costs associated with the presentation of his or her case. The Department may present witnesses, offer evidence, and make arguments in its behalf. The Department is responsible for all costs associated with the presentation of its case.

> (d) Formal rules of evidence will not apply, but the hearing officer may impose reasonable restrictions on relevancy,

> materiality, and competency of evidence presented. Testimony will be under oath or by affirmation under penalty of perjury. The hearing officer may not consider any information that is not also made available to the person requesting the hearing and made a part of the record of the proceeding.
>
> (e) If any witness is unable to appear in person, the hearing officer may, in his or her discretion, accept an affidavit from or order a deposition of the witness, the cost for which will be the responsibility of the requesting party.

22 C.F.R. § 51.71. The regulations also provide that a qualified reporter will make a complete verbatim transcript of the hearing. The person requesting the hearing and/or his or her attorney may review and purchase a copy of the transcript. *Id*. § 51.72.

After hearing Ms. Yaman's case, the Hearing Officer prepared a document summarizing his Findings of Fact and Recommendation and transmitted the document to the Deputy Assistant Secretary of State for Passport Services ("Deputy"). The Deputy partially reversed the State Department's initial decision and granted Ms. Yaman's children no-fee, direct-return, limited validity passports for entry into the United States. The Deputy's decision specifically noted that she had, as required by the regulations, reviewed and considered the Hearing Officer's report. *See id.* § 51.74 ("After reviewing the record of the hearing and the findings of fact and recommendations of the hearing officer, the Deputy Assistant Secretary for Passport Services will decide whether to uphold the denial or revocation of the passport.").

Ms. Yaman asked both the Hearing Officer and the Deputy to provide her with a copy of the Hearing Officer's Findings of Fact and Recommendation. The Hearing Officer told Ms. Yaman that he did not have authority to consider her request. The State Department, in a letter to Ms. Yaman's counsel, refused to produce the Hearing Officer's Findings of Fact and Recommendation on the grounds that it was "predecisional and

part of the deliberative process." Compl. Ex. 5, *reprinted in* Appellant's Opening Brief Public Appendix ("App.") 35. Ms. Yaman then brought this suit under the Administrative Procedure Act ("APA"), on behalf of herself and her children, seeking an injunction requiring the State Department to disclose the report to her. Her complaint alleged that "[t]he State Department has unlawfully withheld the Findings from [Ms. Yaman], and in so doing has acted in a manner that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Compl. ¶ 39, App. 15.

The District Court granted the State Department's motion to dismiss the complaint. *Yaman v. U.S. Dep't of State*, 709 F. Supp. 2d 85 (D.D.C. 2010). The trial court held that the Hearing Officer's report was exempt from disclosure under the common-law deliberative process privilege. *Id.* at 92-93. The trial court then found that Ms. Yaman's need for the Hearing Officer's Findings of Fact and Recommendation document could not overcome the privilege because "[i]t is the agency's final decision – and only that final decision – that will be reviewed on appeal." *Id.* at 94.

Ms. Yaman timely appealed the District Court's decision. She then filed a second, separate complaint against the State Department in the District Court, alleging that the State Department's decision on the merits – *i.e.,* the decision to issue Ms. Yaman's children only limited passports rather than unrestricted passports – was arbitrary and capricious in violation of the APA. In the second suit, Ms. Yaman also alleges that the State Department's refusal to disclose the Hearing Officer's report violated her procedural due process rights. First Am. Compl., *Yaman v. U.S. Dep't of State*, No. 1:10-cv-00818 (Aug. 17, 2010), ECF No. 20. The State Department's motion to dismiss Ms. Yaman's second suit is still pending in the District Court before the same judge who heard this case.

Acting pursuant to this court's authority under 28 U.S.C. § 2106, we hereby vacate the District Court's judgment, remand the case, and order the District Court to consolidate this case with the related case currently pending before the District Court, *Yaman v. U.S. Dep't of State*, No. 1:10-cv-00818. *See, e.g.*, *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999) (justifying a remand under § 2106 "as a matter of judicial economy and pursuant to [the appellate court's] very broad remedial authority").

**I.**

In its initial review of this case, the District Court assumed that the APA supplied a cause of action pursuant to which Ms. Yaman might seek relief against the State Department. *Yaman v. U.S. Dep't of State*, 709 F. Supp. 2d 85, 91 n.3 (D.D.C. 2010). However, the trial court expressed skepticism that the agency's decision denying Ms. Yaman's request for a copy of the Hearing Officer's Findings of Fact and Recommendation was a "final agency action" sufficient to satisfy the requirements of 5 U.S.C. § 704; *see also Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (holding that to be "final," an agency action must "mark the consummation of the agency's decisionmaking process," and it must either determine "rights or obligations" or occasion "legal consequences" (quotations omitted)).

On remand of this case, with Ms. Yaman's two APA cases consolidated, the matter of finality will be moot. This is because, under the APA, "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704; *see also Burns v. Dir., Office of Workers' Comp. Programs*, 41 F.3d 1555, 1561-62 (D.C. Cir. 1994). Therefore, we need not decide whether the agency's denial of Ms. Yaman's request for a copy of the Hearing Officer's Findings of Fact and Recommendation was a "final agency action." The agency's denial will be subject to review as a part of the consolidated

case, which includes a challenge to the Deputy's final decision on the merits.

## II.

In retrospect, it appears that the District Court was somewhat blindsided when Ms. Yaman elected to pursue two separate cases to challenge the disputed State Department actions. This parsing of her claims surely did not facilitate efficient judicial review. The inability of the District Court to consider the case as a whole might have misled it to focus exclusively on a "common law" deliberative process privilege. On remand, the District Court will have an appropriate opportunity to reevaluate Ms. Yaman's procedural APA claim in the context of the entire case.

In addressing whether the State Department's regulations governing passport denial hearings require the disclosure of the Hearing Officer's Findings of Fact and Recommendation, the District Court should take into account the considerations raised by the Supreme Court in *Ballard v. Commissioner*, 544 U.S. 40 (2005). *Ballard* holds that a disputed Tax Court practice of not disclosing the special trial judge's original report, and of obscuring the Tax Court judge's mode of reviewing that report, was not authorized by the Tax Court's rules. The discourse of the majority opinion in *Ballard* is illuminating. In discussing the prevailing norms relating to a tribunal's use of hearing officers, the Court makes the following points:

> [I]t is routine in federal judicial and administrative decisionmaking both to disclose the initial report of a hearing officer, and to make that report part of the record available to an appellate forum. . . .
>
> The Tax Court's practice of not disclosing the special trial judge's original report, and of obscuring the Tax Court judge's mode of reviewing that report, impedes fully informed appellate review of the Tax Court's decision. . . . The officer who hears witnesses and sifts through evidence in the first instance will

have a comprehensive view of the case that cannot be conveyed full strength by a paper record. . . .

The Commissioner urges, however, that the special trial judge's report is an internal draft, a mere "step" in a "confidential decisional process," and therefore properly withheld from a reviewing court. . . . The Commissioner may not rely on the Tax Court's arbitrary construction of its own rules to insulate special trial judge reports from disclosure. . . .

We are all the more resistant to the Tax Court's concealment of the only special trial judge report its Rules authorize given the generally prevailing practice regarding a tribunal's use of hearing officers. The initial findings or recommendations of magistrate judges, special masters, and bankruptcy judges are available to the appellate court authorized to review the operative decision of the district court. . . . And the Administrative Procedure Act provides: "All decisions, including initial, recommended, and tentative decisions, are a part of the record" on appeal. 5 U.S.C. § 557(c); see also § 706 (the reviewing court shall evaluate the "whole record"). In comparison to the nearly universal practice of transparency in forums in which one official conducts the trial (and thus sees and hears the witnesses), and another official subsequently renders the final decision, the Tax Court's practice is anomalous. As one observer asked: "[I]f there are policy reasons that dictate transparency for everyone else, why do these reasons not apply to the Tax Court?" . . .

Were the Tax Court to amend its Rules to express the changed character of the Tax Court judge's review of special trial judge reports, that change would, of course, be subject to appellate review for consistency with the relevant federal statutes and due process.

*Id.* at 46, 59-60, 61, 61-62, 65 (brackets in original). On remand, the parties and the District Court should address the import of *Ballard*, which was not cited in the previous proceedings.

**III.**

For the reasons stated above, we vacate the District Court's judgment granting the State Department's motion to dismiss, remand the case, and instruct the District Court to reevaluate Ms. Yaman's claims upon consolidation of this case with her pending case against the State Department.

*So ordered.*